THOMAS, Judge,
concurring specially.
I agree with this court’s grant of M.M.T.’s petition for a writ of mandamus instructing the DeKalb Juvenile Court (“the juvenile court”) to vacate its February 28, 2013, order and its October 9, 2013, judgment for lack of jurisdiction pursuant to § 12-15-114(a), Ala.Code 1975. However, I write to express my further agreement with M.M.T. (“the mother”) that, pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”), § 30-3B-101 et seq., Ala Code 1975, the juvenile court could not have properly exercised jurisdiction over the underlying action initiated by M.B. (“the father”).
Under a UCCJEA analysis, the threshold issue is whether Alabama or Colorado is the home state of R.D.B. (“the child”). The UCCJEA defines the term “home state” in § 30-3B-102(7), Ala.Code 1975:
“The state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six months of age, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of the child or any of the mentioned persons is part of the period.”
(Emphasis added.)
It is undisputed that immediately before the commencement of the child-custody proceeding initiated by the father, the child was less than six months old and Colorado was the state in which the child had lived from birth with the mother and the father. The child’s presence in Alabama for less than one week before the father initiated the underlying action merely constituted a “period of temporary absence” from Colorado. Colorado is clearly the child’s home state.
Furthermore, the materials provided to this court do not support the conclusion that the juvenile court properly exercised temporary emergency jurisdiction over the *734 father’s action pursuant to § 30-3B-204(a)-(d), Ala.Code 1975, which reads:
“(a) A court of this state has temporary emergency jurisdiction if the child is present in this state and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.
“(b) If there is no previous child custody determination that is entitled to be enforced under this chapter and a child custody proceeding has not been commenced in a court of a state having jurisdiction under Sections 30-SB-201 through 30-3B-203, a child custody determination made under this section remains in effect until an order is obtained from a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203. If a child custody proceeding has not been or is not commenced in a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203, a child custody determination made under this section becomes a final determination, if it so provides and this state becomes the home state of the child.
“(c) If there is a previous child custody determination that is entitled to be enforced under this chapter, or a child custody proceeding has been commenced in a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203, any order issued by a court of this state under this section must specify ⅛ the order a period that the court considers adequate to allow the person seeking an order to obtain an order from the state having jurisdiction under Sections 30-3B-201 through 30-3B-203. The order issued in this state remains in effect until an order is obtained from the other state within the period specified or the period expires.
“(d) A court of this state which has been asked to make a child custody determination under this section, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of a state having jurisdiction under Sections 30-3B-201 through 30-3B-203, shall immediately communicate with the other court. A court of this state which is exercising jurisdiction pursuant to Sections 30-3B-201 through 30-3B-203, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of another state under a statute similar to this section shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order.”
Contrary to the conclusion in the juvenile court’s judgment, the requirements of § 30-3B-204(a) have not been met. The child was not “abandoned” by the mother in Alabama. The UCCJEA defines “abandoned” in § 30-3B-102(l) as “[ljeft without provision for reasonable and necessary care or supervision,” and, because the father was providing the child’s care, the child was not abandoned as defined by the UCCJEA. Furthermore, the father did not allege that it was necessary for the juvenile court to exercise temporary emergency jurisdiction over the child to protect the child because the child was threatened with mistreatment or abuse.
Similarly, the materials before this court do not support the conclusion that the juvenile court properly exercised temporary emergency jurisdiction over the father’s action pursuant to § 30-3B-204(b). On February 28, 2013, when the juvenile *735 court entered its ex parte temporary emergency order, there had been no previous custody determination regarding the child; however, a child-custody proceeding had been commenced on February 19, 2013, by the mother in the El Paso County District Court of Colorado (“the Colorado court”), which had jurisdiction by virtue of its being a court of the child’s home state. The father’s petition for custody was filed two days later, on February 21, 2018.
Furthermore, pursuant to § 30-3B-204(c), the juvenile court’s judgment suffered from a failure to specify the period that the juvenile court considered adequate to allow the mother to obtain an order from the Colorado court. Because a child-custody proceeding had been commenced in Colorado, the child’s home state, the juvenile court’s February 28, 2013, order, at best, remained in effect until the judgment of the Colorado court was obtained on May 23, 2013.
Finally, § 30-3B-204(d) required the Colorado court and the juvenile court to “immediately communicate” in order to resolve the emergency, to protect the safety of the parties and the child, and to determine a period for the duration of the juvenile court’s temporary order. The Colorado court immediately sought to communicate with the juvenile court once it was informed that a custody proceeding had been commenced in Alabama; however, the juvenile court failed to respond to the Colorado court’s efforts to communicate until May 24, 2013.
I conclude that Colorado is the home state of the child, that the juvenile court lacked a basis upon which to exercise temporary emergency jurisdiction pursuant to the UCCJEA, and, like the judges concurring in the main opinion, that the juvenile court lacked jurisdiction pursuant to § 12-15-114(a). Therefore, I concur specially.